UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BROOM, et al.,

    Plaintiffs,

v.

MORGAN STANLEY DW INCORPORATED, et al.,

    Defendants.

CASE NO. C06-1572JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion to remand this action to King County Superior Court and for attorneys' fees and costs (Dkt. # 2). The court has reviewed the papers filed in support of and in opposition to this motion, and GRANTS Plaintiffs' motion for the reasons stated below.

## II. BACKGROUND

Plaintiffs brought this action in state court to vacate an arbitration award. In their complaint, Plaintiffs refer solely to a cause of action arising under Washington's version of the Uniform Arbitration Act ("UAA"), RCW § 7.04A, *et. seq.* Compl. ¶¶ 3, 13. Concurrent to filing their complaint, Plaintiffs filed a motion to vacate the arbitration

ORDER – 1

award. Removal Notice, Ex. C ("Mot. to Vacate"). In that motion, Plaintiffs introduced the standard for vacating arbitration awards under Washington law and then noted that "Washington applies a standard similar to the parallel federal statute." Mot. to Vacate at 3 (citing the federal standard of "manifest disregard of law" as basis for vacating award). Defendants removed the action to this court alleging the existence of a federal question. Plaintiffs now move to remand the matter and award them reasonable attorneys fees and costs incurred as a result of bringing the instant motion.

### III.  ANALYSIS

**A.     Removal Jurisdiction**

A defendant is permitted to remove an action from state court to federal district court when the case could have been brought in federal court originally. 28 U.S.C. § 1441. A federal court can hear "originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law *creates* the cause of action, or that the plaintiff's right to relief *necessarily depends* on resolution of a substantial question of federal law." Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983) (emphasis added). A court must "strictly construe the removal statute against removal jurisdiction," and must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The defendant "always has the burden of establishing that removal is proper." Id.

The court readily concludes that it lacks subject matter jurisdiction over this action. Plaintiffs' complaint includes a short and plain statement of facts in support of a lone cause of action under Washington's UAA. As master of their complaint, Plaintiffs are well within their power to avoid federal court by electing a state law remedy, regardless of whether a similar federal cause of action exists. See Caterpillar Inc. v.

ORDER – 2

Williams, 482 U.S. 386, 392 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."); see also Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996). Indeed, even when federal law *preempts* state law, a claim is not removable unless federal law also *supplants* that cause of action with a federal claim. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987) (discussing doctrine of complete preemption).

Defendants attempt to persuade the court that what Plaintiffs "really" seek is to vacate the arbitration award under federal law. Opp'n at 5 ("Plaintiffs seek either to ignore their own prior statements in the Motion to Vacate, or to mislead the Court about the true nature of their underlying arbitration claims."). Although they never expressly say so, Defendants appear to contend that Plaintiffs have "artfully" drafted their complaint in an improper attempt to avoid federal jurisdiction by omitting essential federal law. See generally, Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1472 (9th Cir. 1984) (discussing artfully-pleaded complaint doctrine). The court rejects Defendants' incongruous interpretation of Plaintiffs' claim. Plaintiffs' reference to a federal standard in their motion amounts to nothing more than an effort to persuade the state court to apply reasoning consistent with other favorable, non-binding decisions. Mot. to Vacate at 9 (citing federal caselaw as well as decisions by Massachusetts, Maine, and Minnesota courts).

Defendants' heavy reliance on Vu Luong v. Circuit City Stores, Inc., 368 F.3d 1109, 1111 (9th Cir. 2004) does not alter the court's conclusion. There, a plaintiff filed an original petition to vacate an arbitration award in federal district court under the Federal Arbitration Act ("FAA") based on the arbitrator's alleged "manifest disregard" of the Americans with Disabilities Act ("ADA"). Id. at 1111. The court upheld subject

ORDER – 3

matter jurisdiction because the case immersed the federal court in substantial questions of ADA interpretation. The present case is inapposite. Here, Plaintiffs seek vacation of the arbitration award on grounds that the arbitrator applied the incorrect state statute of limitations. Mot. to Vacate at 10. Unlike the claimant in Luong, Plaintiffs assert a cognizable state law cause of action, the relief for which does not depend on a court's resolution of a substantial question of federal law.[1]

Washington law authorizes Plaintiffs' state law claim and Defendants may not rewrite that claim in order to remove it to federal court. See Rains 80 F.3d at 344 (reasoning that claimant's citation of a federal statute as an alternate basis for establishing one element of his state law claim did not amount to federal question jurisdiction). Accordingly, the court concludes that it lacks subject matter jurisdiction over Plaintiffs' claim.

**B.   Attorneys' Fees and Costs**

Because the court holds that Defendants' removal of this action was improper as a matter of law, the court concludes that Plaintiffs are entitled to reasonable attorneys' fees and costs. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"); Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 864 (9th Cir. 2003) (noting that court could order attorneys' fees and costs when removal was wrong as a

---

[1] Defendants argue that the motion to vacate triggers federal question jurisdiction because it involves a statute of limitations question on a federal claim that Plaintiffs brought in the underlying arbitration. The court disagrees that a statute of limitations question triggers this court's jurisdiction. First, federal question jurisdiction does not exist merely because the underlying arbitration involves a federal question. Luong, 368 F.3d at 1111. Second, unlike the ADA questions involved in Luong, a statute of limitations question does not begin to immerse the court in substantial questions of federal law. See generally Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-14 (2005) (outlining test to determine whether action involves "substantial" federal claim).

ORDER – 4

matter of law).  There was no objective basis for removal.  If Defendants had made an attempt to place Luong in the context of dozens of other Ninth Circuit and Supreme Court decisions addressing federal question jurisdiction, this court's absence of subject matter jurisdiction would have been apparent.  Indeed, Defendants never mention the well-pleaded complaint rule or its exceptions.  Instead, they emphatically impress on the court the mere fact that Plaintiffs cite federal law in their state law motion to vacate.  See, e.g., Opp'n at 3 (noting that Plaintiffs use the phrase "manifest disregard of law "*three times*" in their motion) (emphasis original); Opp'n at 4 ("it is difficult to understand how Plaintiffs' could argue [that no federal question exists] given the plain statements on the face of their Motion to Vacate").  As stated, citation to federal law to support an element of a state law claim does not invoke this court's jurisdiction.  Raines 80 F.3d at 344.

### IV.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiffs' motion for remand and for attorneys' fees and costs (Dkt. # 2) and REMANDS the action to King County Superior Court.  Plaintiffs may submit a declaration supporting their request for attorneys' fees and costs within 10 days of the date of this order.  The court will enter a reasonable award based on Plaintiffs' submission.

Dated this 8th day of December, 2006.

_____
JAMES L. ROBART
United States District Judge

ORDER – 5